UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
)
ROBERT SPENCER,                              )
                                             )
            Plaintiff,                       )
                                             )
                    v.                       )        Civil Action No. 11-cv-11068-PBS
                                             )
MARRIOTT INTERNATIONAL, INC.,                )
                                             )
            Defendant.                       )
———————————————————————)


## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
[Docket No. 5]

November 25, 2011

Boal, M.J.

On February 22, 2011, pro se Plaintiff Robert Spencer ("Spencer") filed a complaint

alleging that Defendant Marriott International, Inc. ("Marriott") violated Mass. Gen. Laws c. 149

§ 152A (the "Tip Statute").  Marriott removed the case to this court on June 15, 2011, (Docket

No. 1), and then moved to dismiss Spencer's complaint.[1]  (Docket No. 5).  Since that time,

Spencer has failed to appear and/or participate in the discovery process of this case.  For the

reasons discussed below, this Court recommends that the District Court dismiss the case for lack

of prosecution.  Should the District Court decide not to dismiss the case on that basis, then this

Court recommends that the District Court grant in part and deny in part Marriott's motion.

---

[1]  On October 6, 2011, Judge Saris referred Marriott's motion to dismiss to this Court for
report and recommendation.

## I.    Dismissal for Lack of Prosecution

### A.    Procedural History

On June 16, 2011, Judge Saris referred this matter to this Court for full pretrial proceedings and to conduct a scheduling conference pursuant to Fed. R. Civ. P. 16(b).  On that date, this Court scheduled an initial conference for August 11, 2011 and ordered the parties to confer and prepare an agenda of matters to be discussed at the scheduling conference.  See Docket No. 4; Docket June 16, 2011.  On June 22, 2011, Marriott filed a motion to dismiss, to which Spencer responded on July 1, 2011.  See Docket No. 7.  On July 13, 2011, Spencer, apparently in response to statements in Marriott's motion to dismiss, filed an objection that stated that he could have "his mail sent to whatever addresses he chooses."  See Docket No. 8.

On July 26, 2011, Spencer filed a notice with the Court indicating that all pleadings should be sent to an address on Kendall Avenue, Framingham, Massachusetts ( the "Framingham, Massachusetts address").  See Docket No. 10.  The address is the one listed for Spencer on the Court's ECF system and in his complaint.  On August 5, 2011, Marriott filed a Report of Rule 26(f) Planning Meeting that indicated that Spencer had failed to participate in the formulation of a discovery plan.  See Docket No. 12.  On August 11, 2011, Spencer did not attend the scheduling conference.  The Court rescheduled the conference for August 24, 2011 and sent the Clerk's notes to Spencer by regular and certified mail to the Framingham, Massachusetts address.[2]  See Docket August 11, 2011.

On August 23, 2011, Spencer stated that he had filed criminal charges against Marriott's

---

[2]  On September 13, 2011, the Clerk's notes were returned as "unclaimed, unable to forward."  See Docket September 13, 2011.

law firm and had not received any pleadings since the case was removed from state court. <u>See</u>

Docket No. 13. On August 24, 2011, Spencer did not appear at the scheduling conference.

On August 25, 2011, this Court issued an order for Spencer to show cause why the case

should not be dismissed for lack of prosecution. <u>See</u> Docket No. 14. The order was sent by

regular and certified mail. <u>See</u> Docket August 26, 2011. The return receipt card indicates that

the order was received at the Framingham, Massachusetts address. <u>See</u> Docket No. 15. On

September 13, 2011, Spencer said that he had not been notified of the hearing, that Marriott had

defaulted, that Spencer had won, and invited the Court to dismiss the case. <u>See</u> Docket No. 16.

On September 19, 2011, the Court scheduled a third conference for October 5, 2011. <u>See</u>

Docket No. 17. The accompanying order stated that parties were to work together to submit a

joint statement, that Marriott had not defaulted, that the case was still active, and that the Court

would recommend dismissal for lack of prosecution if Spencer did not appear at the conference.

<u>Id.</u> The order was sent to Spencer by regular and certified mail. <u>See</u> <u>Id.</u>; Docket No. 18. The

return receipt card indicates that the order was received at the Framingham, Massachusetts

address. <u>See</u> Docket No. 18. Spencer did not appear at the October 5, 2011 conference, nor did

he participate in the formulation of a discovery plan. <u>See</u> Docket No. 19.

B.    <u>Analysis</u>

Although the First Circuit has a strong policy favoring the disposition of a case on the

merits, <u>see</u> <u>Richman v. General Motors Corp.</u>, 437 F.2d 196, 199 (1st Cir. 1971), a court does

have the inherent power to both manage its own docket and dismiss a case <u>sua</u> <u>sponte</u> for lack of

prosecution. <u>Cintron-Lorenzo v. Dept. De Asuntos Del Consumidor</u>, 312 F.3d 522, 525 (1st Cir.

2002). <u>See</u> <u>also</u> <u>Jones v. New York City Police Officers</u>, No. 92-8269, 1993 WL 302632

(S.D.N.Y. Aug. 4, 1993) (dismissal appropriate where plaintiff failed to appear at two scheduling conferences after he was warned he faced dismissal if he did not appear at the second conference); Bal v. Kaplan Inc., No. 01-0570, 2001 WL 969053 (N.D. Cal. Aug. 20, 2001); Ntim v. Reddy, No. 09-2032, 2009 WL 1858259 (C.D. Ill. June 24, 2009); Issa v. Gristedes Supermarkets, No. 05-3654, 2005 WL 2605581 (S.D.N.Y. Oct. 14, 2005).

While the Court recognizes that dismissal is a drastic remedy, there appears to be no other alternative in that Spencer has not appeared at three scheduling conferences. He was specifically warned that his failure to appear could result in dismissal. See Docket No. 17. Spencer has not participated in the formulation of a discovery plan. Instead, he is pursuing criminal charges against Marriott's attorneys, Docket No. 13, and has indicated that he believes that he has won this case by default. The matter has come to a complete halt. Because the case cannot proceed without Spencer's cooperation, dismissal is appropriate.

This Court further recommends that the dismissal for lack of prosecution be without prejudice. The First Circuit has repeatedly held that a case should not be dismissed with prejudice except "when a plaintiff's misconduct is particularly egregious or extreme." Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir. 1999) (citing Benjamin v. Aroostock Med. Center, Inc., 57 F.3d 101, 107 (1st Cir. 1995)). Cases dismissed with prejudice typically involve "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). Here, Spencer has certainly thwarted the court's efforts to manage the case and to move it towards a conclusion on the merits. However, his conduct does not appear to reach the level set by the First Circuit for dismissal with prejudice. Accordingly,

this Court recommends that the District Court dismiss this case without prejudice for lack of prosecution.

**II.     Motion to Dismiss**

To the extent that the District Court decides not to dismiss the case for lack of prosecution, this Court recommends that the District Court grant in part and deny in part Marriott's motion to dismiss. Specifically, the Court recommends that the District Court dismiss Spencer's claims that accrued prior to February 22, 2008, but not those that accrued on or after that date.

A.     Facts[3]

Spencer has been employed by Marriott as a banquet server at the Boston Newton Marriott Hotel since 1984. Complaint ¶ 1. Spencer was paid a low hourly rate, "starting at under $3.00" in the late 1980s, with the bulk of his earnings coming from gratuities that were collected from the host of each private function. Compl. ¶ 3. Spencer alleges that, since the late 1980s, Marriott has withheld a portion of the gratuity fee that guests were charged. Compl. ¶¶ 3, 6. He also alleges that, at an unspecified time, banquet servers asked why they were not receiving the full gratuity charged and never received an answer. Compl. ¶ 4. "[A]t some point," the hotel charged guests an 18% gratuity, but only remitted "between 12 and 14%" of the charge to the banquet servers. Compl. ¶ 6. In 2010, a former Marriott employee approached Spencer and "explained to the Plaintiff that keeping that portion of the gratuity was unlawful on

---

[3]  Because this case is presently before the Court on a motion to dismiss, the Court sets forth the facts taking as true all well-pleaded allegations in the Complaint and drawing all reasonable inferences in Spencer's favor. See Morales-Tañon v. Puerto Rico Electric Power Authority, 524 F.3d 15, 17 (1st Cir. 2008).

the part of the Defendant" and provided him with a copy of the Tip Statute.  Compl. ¶ 7.

Spencer seeks all unpaid gratuities since 1984, specifically $74,995.00 in single damages (which

Spencer notes are trebled under state law) plus court fees, costs, parking, tolls, and interest.

Compl., p. 5.

B.    Analysis

Marriott argues that Spencer's complaint should be dismissed because: (1) Spencer's

claims are barred by the applicable three-year statute of limitations; (2) Spencer fails to state a

claim because his allegations are vague and conclusory; and (3) Spencer has failed to comply

with Fed. R. Civ. P. 11(a) because he listed his address on his complaint as "c/o DeLima," an

individual that Marriott asserts is participating in the unauthorized practice of law.  Defendant's

Motion to Dismiss ("Def.'s Motion") (Docket No. 5).  Spencer argues that his claim should not

be dismissed because: (1) his claim is not time barred because he was not aware that he was

entitled to the full amount of gratuity until 2010; (2) this Court does not have jurisdiction over

the matter because his damages do not exceed $75,000; and (3) he is representing himself in this

action.  Plaintiff's Response and Objection to Defendant's Motion to Dismiss ("Pl.'s Opp.").

(Docket No. 7).[4]

1.    Jurisdiction

Because jurisdiction is a threshold issue, the Court will address first Spencer's argument

that this Court does not have jurisdiction over his claim because his single damages do not

exceed $75,000.

Federal courts are courts of limited jurisdiction.  Picciotto v. Continental Cas. Co., 512

---

[4] Spencer also erroneously asserts that Marriott has defaulted.  Pl.'s Opp., p. 1.

F.3d 9, 17 (1st Cir. 2008). A claim brought in state court involving solely state claims may be removed to the appropriate federal district court by a defendant if that federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a). In a diversity action, original jurisdiction means that the parties must be citizens of different states and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332 (a)(1). Spencer does not contest the diversity of the parties.[5] He does argue that the amount in controversy is less than $75,000. Pl.'s Opp., p. 1.

A court may dismiss an action for insufficiency of the amount in controversy "only when, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff was never entitled to recover a sum equal to, or in excess of, the jurisdictional minimum." Esquilin-Mendoza v. Don King Productions, Inc., 638 F.3d 1, 4 (1st Cir. 2011) (citations omitted). Where the statute governing the claim includes a multiplier of damages, the court must consider the multiplier when calculating the amount in controversy. Arrigo v. Scholarship Storage, Inc., No. 10-11650, 2011 U.S. Dist. LEXIS 89469, *12 (D. Mass. Aug. 10, 2011). The amount in controversy is determined at the time the complaint is filed. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Affirmative defenses such as the statute of limitations may not be used to whittle down the amount in controversy. Westinghouse Electric Co. v. Heally, 502 F. Supp. 2d 138, 140 (D. Me. 2007). As the Second Circuit explained, "[w]ere such defenses to affect the jurisdictional amount . . . doubt and ambiguity would surround the jurisdictional base of most diversity litigation from complaint to final judgment, and issues going to a federal court's power

_____

[5] Spencer is a citizen of Massachusetts, residing in Middlesex County. Complaint ¶ 1. Marriott is a citizen of Delaware and Maryland, registered under the laws of Delaware with its principal place of business in Maryland. Notice of Removal ¶ 6 (Docket No. 1).

to decide would be hopelessly confused with the merits themselves." <u>Scherer v. The Equitable</u>

<u>Life Assurance Soc'y of the United States</u>, 347 F.3d 394, 397 (2d Cir. 2003) (internal citations

and quotation marks omitted).

Spencer asserts in his complaint that the single damages are $74,995.00. <u>See</u> Complaint,

p. 3. He is correct that such amount alone would fail to satisfy the amount in controversy.

However, his complaint also states correctly that the Tip Statute provides for treble damages.

<u>See</u> Complaint, p. 3; M.G.L. c. 149 § 150. The mandatory treble damages under Massachusetts

law would result in a total award of at least $224,985.00. His damages would therefore exceed

$75,000. Accordingly, this Court has diversity jurisdiction over Spencer's claim.

2.      <u>Failure to State a Claim</u>

Marriott argues that Spencer's complaint fails to meet the minimum pleading standards

because his complaint is vague and consists solely "of bald assertions and legal conclusions."

Def.'s Motion, p. 5. Marriott also argues that Spencer's complaint has failed to specify the dates

of Marriott's misconduct, which it asserts is material under Fed. R. Civ. P. 9(f). <u>Id.</u> at p. 6.

a.      <u>Standard of Review</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "The plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." <u>Id.</u>

In deciding a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Pro se pleadings are to be liberally construed.  Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991).  While the court must accept as true all of the factual allegations contained in the complaint, that doctrine is not applicable to legal conclusions.  Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.; see also Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) ("In other words, a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.") (citations omitted).

b.    The Tip Statute

The Tip Statute, M.G.L. c. 149 § 152A, provides in relevant part:

**(b)** No employer or other person shall demand, request or accept from any wait staff employee, service employee, or service bartender any payment or deduction from a tip or service charge given to such wait staff employee, service employee, or service bartender by a patron. No such employer or other person shall retain or distribute in a manner inconsistent with this section any tip or service charge given directly to the employer or person.
. . .

**(d)** If an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip, the total proceeds of that service charge or tip shall be remitted only to the wait staff employees, service employees, or service bartenders in proportion to the service provided by those employees.

M.G. L. c. 149 § 152A(b), (d).[6]

Construing Spencer's complaint liberally, the Court finds that Spencer's complaint

---

[6]  The Tip Statute was initially enacted in 1952 and substantially amended in 1983 and 2004.  The language cited above is from the current version of the statute.

satisfies the notice pleading standards with respect to a claim under the Tip Statute. Spencer alleges the following: (1) he has been employed by the Boston Newton Marriott Hotel issue since 1984 as a banquet server, Complaint ¶ 1; (2) he was a full time employee that worked 40 hours a week, Complaint ¶ 2; (3) he was paid an hourly rate, which started at $3.00 an hour and increased over time, Complaint ¶ 3; (4) hotel guests were charged a gratuity for private functions that in the late 1980s was 15% of the bill but subsequently rose to 18%, Complaint ¶¶ 3, 6; and (5) servers were given less than the full gratuity Marriott collected from guests, at times receiving 12 to 14% of the total gratuity, Complaint ¶¶ 4, 6. These allegations are sufficient to provide Marriott with "fair notice of what the . . . claim is and the grounds upon which it rests" and alleges enough factual material "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

The Court also finds that Spencer has stated sufficient allegations regarding time and place. Spencer alleges that he worked at the Boston Newton Marriott Hotel since 1984 and that Marriott withheld gratuity from each pay check. Complaint, ¶¶ 1, 7. Marriott's reliance on Fed. R. Civ. P. 9(f) as a basis for dismissal is misplaced. See Def.'s Motion, p. 6. Rule 9(f) states that "[a]n allegation of time and place is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). However, Rule 9(f) "does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when a pleader actually interposes them in a complaint or answer." 5A Wright & Miller, Federal Practice and Procedure § 1309 (2011); see also Supreme Wine Co. v. Distributors of New England, Inc., 198 F. Supp. 318, 320 (1st Cir. 1961). At common law, allegations of time and place were not

considered material; Rule 9(f) departed from common law in the sense that allegations of time and place were material in that they could be used to challenge a complaint based on statute of limitations grounds.  See 5A Wright & Miller, Federal Practice and Procedure § 1308 (2011); 2 James Wm. Moore, et al., Moore's Federal Practice § 9.07 (2011); Lanza & Sons, Inc. v. Schwarz Pharma, Inc., No. 99-1396, 2005 U.S. Dist. LEXIS 3735, * 6 (D.P.R. February 8, 2005); Jones v. United Gas Improvement Corp., 383 F. Supp. 420, 423 n.2 (E.D. Pa. 1975). Although Rule 9(f) may appropriately be intertwined with a statute of limitations challenge, Rule 9(f) is inapplicable to whether Spencer has satisfied the notice pleading requirements with respect to his Tip Statute claim.  Accordingly, this Court finds that Spencer has stated a claim under the Tip Statute.

### c.  Statute of Limitations

Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if "the facts establishing the defense are clear on the face of the plaintiff's pleadings."  Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2009).  Once a defendant raises a statute of limitations defense, the plaintiff bears the burden of proving that his claim is not barred.  Catrone v. Thoroughbred Racing Ass'n, 929 F.2d 881, 885 (1st Cir. 1991).  When jurisdiction is based on diversity, state statutes of limitations apply.  Lareau v. Page, 39 F.3d 384, 387-8 (1st Cir. 1994).  Pursuant to the statutes at issue, Spencer must bring his action within three years of the violation.  See M.G.L. c. 149 § 150; M.G.L. c. 149 § 152A(f).

### i.  Claims Before February 22, 2008

Marriott argues that because Spencer filed his complaint on February 22, 2011, any claim

that predates February 22, 2008 is barred by the three-year statute of limitations. Def.'s Motion, p. 4. Spencer argues that his claims are not barred because he was not aware that he was entitled to receive the full gratuity amount until a former co-worker showed him the Tip Statute in 2010. Pl.'s Opp., p. 1. In essence, Spencer argues that his claim survives under the discovery rule.

Under the discovery rule, a statute of limitations starts to run when the plaintiff discovers, or reasonably should have discovered, that he has been harmed or may have been harmed by the defendant's conduct. Koe v. Mercer, 450 Mass. 97, 101 (2007). The Supreme Judicial Court has applied the discovery rule to claims brought under Section 150. See Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 376-378 (2008). However, Spencer is required to plead the discovery rule exception to the statute of limitations in his complaint. See Stone v. Colt Industries Operating Corp., No. 86-1107, 1986 WL 13073 (D. Mass October 31, 1986).

As an initial matter, Spencer has not plead the discovery rule in his complaint. In fact, it is evident from the face of Spencer's complaint that he was aware of his injury before 2010. Specifically, Spencer states that learning of the Tip Statute in 2010 "alerted the Plaintiff that he indeed was always correct in that long 27 year pang from being underpaid after every single shift that he worked." Complaint ¶ 7. The Court equates Spencer's "27 year pang" with 27 years of knowledge that he has been harmed. However, even assuming arguendo that Spencer pled the discovery rule exception in his complaint, Spencer's argument that the statute of limitations should not start running until the date that he learned of the Tip Statute in 2010 is also unavailing. The discovery rule tolls the statute of limitations when a plaintiff is unaware of the facts – not the legal theory– for the cause of action. Zampell v. Consolidated Freightways Corp., 15 Mass. App. Ct. 954 (1983); Gore v. Daniel O'Connell's Sons, Inc., 17 Mass. App. Ct.

645, 647 (1984). Accordingly, any claim before February 22, 2008 is barred by the statute of limitations.

ii. Claims After February 22, 2008

Marriott argues that Spencer's claims after February 22, 2008 are barred because Marriott terminated the banquet captain position in August 2007. Def.'s Motion, p. 3-4. Marriott claims that therefore it could not have violated the statute because after the elimination of the banquet captain position, service charges were provided to banquet servers in their entirety because there were no banquet captains with which to split tips. Def.'s Motion, p. 4.

Marriott attaches two Massachusetts Superior Court summary judgment decisions[7] to its motion to support its assertion that the banquet captain position was eliminated in 2007. See Def.'s Motion, Exhibits A, B (Docket 5). Marriott requests that the Court take judicial notice of these decisions because they are official public records and argues that the Court can consider them without converting its motion into one for summary judgment. Def.'s Motion, p. 2-4. Even assuming that the Court could take judicial notice of facts contained in these opinions, they do not establish that Marriott eliminated the banquet captain position at the Boston Newton Marriott Hotel in August 2007. For example, the first opinion offered, DePina v. Marriott, No. 03-05434-G (Mass. Super. Ct. July 28, 2009), did not involve the Boston Newton Marriott Hotel. See Exhibit A (Docket No. 5-1). Although the second opinion offered, Masiello v. Marriott Int'l, Inc., No. 2006-5109-G (Mass. Super. Ct. May 10, 2010), involved the Boston Newton Marriott Hotel, the plaintiff in that action did not dispute Marriott's contention that the banquet captain position was terminated in August 2007 and the court stated that it "decline[d] to

---

[7] Spencer was not a party to either litigation.

comment on it in any way." <u>See</u> Exhibit B at 3 n.1 (Docket No. 5-2).  The Court therefore will not recommend that the District Court bar Spencer's claims that accrued on or after February 22, 2008 on this basis.

Marriott also argues that any claims against it that occurred after July 2009 are barred because it sold the Newton hotel at that time.  Def.'s Motion, p. 1 n.1, 3.  Because Marriott has not provided any support for this assertion nor any argument that this information should be considered on a motion to dismiss, the Court finds the argument unpersuasive.

Based on the foregoing reasons, the Court finds that Spencer's claims that arose on or after February 22, 2008 survive Marriott's motion to dismiss.

     d.    <u>Compliance with the Federal Rules of Civil Procedure</u>

Marriott contends that Spencer's complaint should be dismissed because Spencer failed to comply with Fed. R. Civ. P. 11(a) and that Fed. R. Civ. P. 41(b) gives the Court authority to dismiss Spencer's complaint for failure to follow this rule.[8]  Def.'s Motion, p. 7.  Fed. R. Civ. P. 11(a) requires that every pleading, motion or paper "state the signer's address, e-mail address, and telephone number."  Fed. R. Civ. P. 11(a).  Spencer listed his address on his complaint as "c/o Delima," an individual that Marriott asserts is participating in the unauthorized practice of law.  Complaint, p. 3.

The Court declines to recommend dismissal of Spencer's complaint on this basis. Spencer has provided the Court with an address, albeit "care of" another individual, at which he can receive court documents.  He has demonstrated by his activity in this matter that he has

---

[8]  Rule 41(b) provides that a defendant may move to dismiss an action if, among other tings, a plaintiff fails to comply with the Federal Rules of Civil Procedure.

received mail at this address.  For example, he responded to Marriott's Motion to Dismiss and the Court's Order to Show Cause.  <u>See</u> Docket Nos. 8, 16.  He has also filed a notice with the court reiterating his wish to receive mail at this address.  <u>See</u> Docket No. 10.  Accordingly, the Court will not recommend dismissal of Spencer's claim on this basis.

## III.  <u>Conclusion</u>

For the foregoing reasons, I recommend that the District Court dismiss Spencer's complaint without prejudice for lack of prosecution.  If the District Court decides not to dismiss the case on this basis, then this Court recommends that the District Court grant in part and deny in part Marriott's motion.  Specifically, this Court recommends that the District Court dismiss Spencer's claims that accrued prior to February 22, 2008 but not those that accrued on or after that date.

## IV.  <u>Review by District Judge</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hospital</u>,199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d

343 (1st Cir.1993).

                                  /s/ Jennifer C. Boal
                                JENNIFER C. BOAL
                                UNITED STATES MAGISTRATE JUDGE